# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

Emile I. Tsuma Sr

_____

_____

_____

_____

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing.  If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title if you know it. Do not use **et al.**]

Matt Costello

John Doe 1 District Attorney

John Doe 2 Prosecuter

JANE DOE 3 Prosecutor

(Being sued w their official & individual)

Complete every section and **SIGN THE LAST PAGE.**

*Revised 12/13/18*

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim.  There are two possibilities.  Check one.

I can bring my complaint in federal court because I am suing:

1. _____✓_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.


## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages.  Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name:  Emile I. Tsuma Sr
   b. Inmate Number:  372574
   c. Correctional facility:  Corrigan CI

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six defendants, attach additional pages.  Provide items a, b, and c for each defendant.

1. First Defendant
   a. Full Name:  Matt Costello
   b. Rank or Title:  Attorney
   c. Workplace:  108 Oak St 2nd Fl Hartford CT 06106

2. Second Defendant
    a.    Full Name: John Doe 1
    b.    Rank or Title: District Attorney
    c.    Workplace: 112 Broad St GA 10 New London, CT 06320

3. Third Defendant
    a.    Full Name: John Doe 2
    b.    Rank or Title: Prosecutor
    c.    Workplace: 112 Broad St GA 10 New London, CT 06320

4. Fourth Defendant
    a.    Full Name: Jane Doe 3
    b.    Rank or Title: Prosecutor
    c.    Workplace: New London, CT 06320 112 Broad St GA 10

5. Fifth Defendant
    a.    Full Name:
    b.    Rank or Title:
    c.    Workplace:

6. Sixth Defendant
    a.    Full Name:
    b.    Rank or Title:
    c.    Workplace:

## D. REASON FOR COMPLAINT

**WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

*Revised 12/13/18*

## Introduction

1. This is a 1983 action filed by Plaintiff Earlest Tsant
A state prisoner alleging violation of his
Constitutional rights to recieve equal
protection and seeking injunctive relief and
money demages Plaintiff also seeks on
injunction and demages persuant to the
Americans with Disabilities Act and the
Rehabilitation Act

## Jurisdiction

2. Jurisdiction of this court is invoked pursuant
to 28 U.S.C. 1331 in that this is a civil action
arising under the Constitution of the U.S.

3. Jurisdiction of the court is invoked pursuant
to 28 U.S.C. 1343 (a)(3) in that this action seeks
to redress the deprivation, under color of
state law of rights secured by Acts of
Congress providing for equal rights of persons
within the jurisdiction of the U.S.

STATEMENT OF FACTS

1. On 01.07.19 I was housed in corrigan C.T. in Uncasville, CT 06382 as an unsentenced prisoner with 4 pending criminal offenses.

2. On the 7th of January I had a legal call scheduled in the pod I was housed in corrigan. The call was being navigated by a counselor named Kevin baudet and when I arrived in the office at 2pm 01.07.19 also present in the office was C.O. Barstow being trained to become a counselor.

3. During the phonecall I was constantly being distracted by Kevin baudet coming in and out of the office and the volume of people in the dayroom outside of the counselors office

4. Eventually, I was told my phonecall was being terminated and a code was called so I hung up and faced the wall. Counselor Kevin baudet jumped over C.O. Barstow and around the two office desk and attacked me swinging me to the ground, during his attack I was also attacked by a gang of other officers and maced. despite complying

5. I was brought to segregation and later discovered that I would be charged with assault on a public safety officer.

6. When the police (state) came to read me my rights I still had mace in my eyes and had to the guided by a C.O. to the fingerprinting room for processing.

7. I asked the officer what am I being charged for and he made it seem like I knew what I did and asked me to take fingerprints. I asked them to clean my eyes of the mace properly they refused to help me considering the fact I was just assaulted for complying I had no interest in being blind for taking fingerprints

8. Following that incident Plaintiff was given a court date for 01.21.19 for arraignment

9. Between 01.07.19 and 01.21.19 E.T. Plaintiff had to be processed administratively for the D.R. (ticket) of assault on a C.O. 01.08.19 a C.O. Nemeth came to see how I wanted to plead I exercised the option to go to a hearing. I notified the hearing officer Nemeth of my witnesses and provided an

9. advocate to use, (an advocate is/or adviser is a
mediator to assist a inmate or prisoner during
the D.R. Process.

10. I picked Jehrel Tacklin as my witness a
witness who later testified at my trial in court
and Counselor Jones as my advocate a
witness who also testified at my trial.

11. Jehrel Tacklin provided a witness statement
according to his account of what he witnessed
Counselor Jones to let do

12. When Plaintiff spoke to Counselor Jones he
asked Counselor Jones to check all footage
and talk to witnesses due to the severity
of the accussations against him. Counselor
Jones asked Plaintiff what Plaintiff wanted
to do with the tickets Plaintiff informed
him that he would be taking both tickets
to a hearing.

13. Between 01.07.19 & 01.21.19 Counselor Jones
informed Plaintiff that there in fact was
video of the incident that took place
on 01.07.19 and that there was no assault
besides the assault that injured Plaintiff

14. Plaintiff went on to ask Counselor Jones what exactly did he witness in the video. Counselor Jones informed Plaintiff that in the video he witnessed the Plaintiff hang up the phone get up and face the wall. Seconds later he witnessed Counselor Baudet come around the desk and the Counselor in training and attack Plaintiff swinging him to the floor, Counselor Jones further explained to Plaintiff that after Plaintiff was swung to the floor "they were all over you" referring to the C.O.'S.

15. Plaintiff asked Counselor Jones at anytime in that video did he see or witness Plaintiff throw a elbow or any non-compliance and Counselor Jones informed the Plaintiff that he did not, so the Plaintiff told him to write down exactly what he told the Plaintiff in his report, so that it would be utilized administratively and in the court as well so that Plaintiff could get the case dismissed

16. Plaintiff was eventually arraigned in Norwich for the charge of assault of public safety officer and the prosecutor and Judge Doe agreed to proceed with the process of

16. charging despite lacking evidence of probable cause and the exculpatory evidence of video footage. that contradicted the allegations against the Plaintiff.

17. Due to being penalized administratively Plaintiff was held in RHU 51 days where he was transfered to Hartford County and given sanctions of loss of Phone and loss of commissary preventing him from utilizing the Securus phone to make calls for another 90 days.

18. Plaintiff was previously appointed an attorney named Linda Sullivan, but there was a conflict of interest due to the fact Linda Sullivan would appear in court high on prescription medication and lacked the ability to stand up and argue valid points in court to defend my INNOCENSE so, the court appointed me Defendant Matt Costello after filing a grievance.

19. Despite being on loss of phone Plaintiff was able to write letters and request legal calls, so between 01.02.19 and 09.19 before Plaintiff was forced to trial

19. Plaintiff sent numerous letters to the prosecutor explaining that I had exculpatory evidence regarding this matter and I also sent letters to the Defendant Matt Costello regarding the video footage and he claims he would have his investigators speak to Counselor Jones. I also mailed a copy of the advisor report according to the video be seen.

20. Defendant Matt Costello kept dragging the case on and getting it continued and would come to Hartford occassionally to speak to me, the first meeting he explained that the cases against me were weak, but the Defendant John Doe 1 wanted 3½ years for the assault.

21. Plaintiff explained to Defendant Costello that Defendant (District Attorney) John Doe 1 was upset that Plaintiff had previously got a case dismissed due to exculpatory evidence and he was out to get me. Plaintiff asked Defendant Costello to file a motion for a Probable Cause hearing he failed to do that and gave a lame excuse why

21. it shouldn't be done. Plaintiff asked Defendant Costello to file a motion of discovery and motion to suppress the evidence, so that we could have the case dismissed considering somebody claiming that they were assulted but theres video contradicting those accusations.

22. Defendant Costello continued to deny that there was no video evidence and the state has given him all the evidence, so I the Plaintiff informed Defendant Costello maybe the prison hasn't given the state all the evidence considering the fact it will show that they are covering a crime Defendant Costello claimed they would never do that

23. Between the month 01.07.19 and 09.19. Plaintiff called the court 6A 10 to follow up on the exculpatory evidence that was mailed to 6.A. 10. in New London. When the Plaintiff asked to be transfered to the prosecutors office Defendant John Doe 2 answered. Plaintiff asked Defendant John 2 if he had evidence that proved his innocense in a criminal case

23. would you utilize that evidence? Defendant
John Doe 2 answered by asking "who is this"
Plaintiff responded by saying thats not
important, whats important is the law and
if you would abide by it no matter who
broke it regardless of their status or title
Defendant John Doe 2 continued by saying
"is this a inmate if you need to report a
crime you need to contact the prison
counselor" Plaintiff responded with saying
that he mailed evidence to him regarding
a matter in which he was being falsely
accused again when I the Plaintiff
informed him of this Defendant John Doe 2
was curious of who it was he was speaking
to. After finally informing Defendant
John Doe 2 who I was he became answered
denied recieving such evidence. Plaintiff
decided to terminate the call.

24. Between 10.18.18 & 01.07.19 Defendant John
Doe 2 gave Plaintiff a hard time for
exposing exculpatory evidence, but the
matter was dismissed due to my persistence
Plaintiff was prepared to deal with Defendant
John Doe 2 who has lied in the ~~Filled~~ possed
Past on 02.11.15 regarding a matter

24. that Plaintiff was a witness in a case
and was arrested despite cooperating with
police, however Plaintiff's lawyer got
his Bond lowered from $150,000 cash to
$40,000 non-surety however during that
bond hearing Defendant John Doe 2 lied
in open court claiming witnesses seen
Plaintiff walk out of a house with
stolen items. Plaintiffs lawyer quickly
corrected Defendant John Doe 2 and
John Doe 2 passed on the case after
the case was called back into court
the Prosecutor Defendant John Doe 2
claimed he made a mistake and apologized
to the court.

25. Defendant filed a grievance on Defendant
John Doe 2 and Defendant John Doe 1 and
Defendent Matt Costello for various
reasons and in return the prosecutors
handling my dockets wanted 3½ years.
to serve for a crime I the Plaintiff
never committed.

26. As the months went by I the Plaintiff
was weary and wanted to go home. I was
finally able to file a motion to go to

26. a speedy trial. Even than I the Plaintiff had to basically hold a gun to Defendants Costellos head to file the motion. Defendant Costello bragged about being a lawyer for 23 years or something like that, when I informed him that he's behaving like a person who just became a lawyer. Next I asked Defendant Costello who's side was he on, because I the Plaintiff filed not 1 but 2 grievances about his misconduct Defendant Costello claimed to be on my side. I the Plaintiff informed Defendant Costello if he was on my side he would have got a probable cause hearing, a motion to suppress the evidence, and found the video no matter who it hurt.

27. Defendant Matt Costello informed me that John Doe 1 and John Doe 2 Defendants both wanted to give me 3½ years despite having no evidence or a victim with actual proof of his allegations or any injuries

8. Plaintiff knew at this point that the only way out was to go to trial.

29. Between 01.07.19 & 09.19 Plaintiff was offered 3½ years to serve and rejected the plea Defendant Costello filed a motion for Speedy trial the motion was granted and passed on to another Judge.

30. Between 01.07.19 & 09.19 Defendant Costello and Plaintiff appeared to commence evidence, pick jurors, and hear the rules of trial. During the first day of picking jurors Defendant Jane Doe 3 (Prosecutor) and Defendant Costello and Plaintiff picked jurors, The following day we heard witnesses from the State and the defense, and both sides presented their evidence, and presented their case to the jury

31. The Defendant Jane Doe 3 called 4 witnesses LT Bragdon, LT Dymes, C.O. Barstow, and Kevin Gadet. Out of the four witnesses testifying on behalf of the State the only witness who testified that the Plaintiff assaulted him was Kevin Gadet who was out to get Plaintiff and was harassing him and his cellmate Jehnel Tacklin for filing grievances against him and other C.O.S for misconduct.

32. When Defendant Costello questioned Kevin Gaudet about the assault, Kevin Gaudet admitted that he was assaulted but didn't go to medical, didn't report any injuries, and had no injuries despite claiming to be hit by a elbow, neither did the state call any medical staff to verify any injuries or assault.

33. During questioning Kevin Gaudet attempted to insult Plaintiffs babymother and Defendant Costello made no effort to object to his insults. When Defendant Costello ended his questioning of the witness Plaintiff asked him why didn't he "object" to the things the witness was saying if you knew it was intentional. He the defendant Costello claims that I the Plaintiff needed to relax and keep my anger under control, which was funny considering the fact I wasn't angry at all.

34. When Defendant Costello called Plaintiffs witnesses to the stand and they identified themselves both witnesses testified that I the Plaintiff never hit anybody and I infact was being attacked.

35. When Defendant Costello called Counselor Jones to the stand and question him about the advisor report and his knowledge of the video Counselor Jones answered every question by saying "I dont recall"

36. Plaintiff was called to the stand by Defendant Costello to give his account of the incident while being $E.T$ questioned by Defendant Jane Doe 3 and answering the Judge interrupted the Plaintiff for trying to talk and just answer honestly.

37. After Plaintiff stepped down from the stand he asked Defendant Costello why didn't the Judge intervene when he was insulting my Baby Mother on ya seen my step daughter in the court listening to these things, but he found it necessary to interrupt during my testimony?

38. Both Parties rested I the Plaintiff was placed in a holding cell while the jury deliberated, it took the jury 30 minutes to find me not guilty while it took the State and Matt Costello 9½ months.

39 After I the Plaintiff was found Not guilty
the Defendant Matt Costello says that
the Defendant JANE Doe 3 wants to
release you.

40. The Plaintiff informed Defendant Costello
that he would be filing a lawsuit and
Defendant Costello still siding with the
Prosecuter Defendant Jane Doe 3 claiming
that the investigator told her to bring
up your past and she didn't either way
I the Plaintiff informed him that if
She knew it wasn't fair why move forward
knowing this could hurt me If she believed
she was doing me a favor or it wasn't fair
she would have dismissed the charges
based on the evidence that I the Plaintiff
mailed to the prosecutors office.

41 Due to these allegations Plaintiff E.T was
held incarcerated for 9 month all parties
not only knew about the exculpatory
evidence but failed to acknowledge it
due to the fact it would have exposed
the criminal act of a state worker, and
also expose the fact that others covered
up Kevin Gadet criminal intent.

42. Plaintiff returned home after 9 1/2 months and discovered while he was being held in RHU in the month of Feburary that his father died.

43. Plaintiff didn't know how to take it considering the fact his father was always there for him

44. Plaintiff was also trying to get his children back but was recieving no help due to the over whelming circumstances starting over wasn't simple

45. Eventually Plaintiff got into counseling thrugh the reliance Health center in Norwich and also was prescribed redicine.

46. IN 2020 7th of Feburary Plaintiff was arrested for being infoxicated in a store and charged with Interfearing with an officer, criminal trespass and flr to comply with finger prints

47. Plaintiff was arrested 14th of Feburary for criminal mischief hecause he broke a ceifing tile while attempting suicide in a dunkin donuts bathroum after swallowing 60

47. IR 20 miligrams adderels

48. Plaintiff was struggling with depression, anxiety, insomina, and couldnt let go of the fact he was forced to do all that time in jail because of a crime somebody else committed and DCF wanted to terminate his parental rights for something his baby mother did and it seemed like nobody cared.

49. Plaintiff was informed of a meeting with DCF that they decided to file for a motion to terminate my parental rights because they didnt know when I was coming home

50. Plaintiff informed Dylan Sullivan, Peter Woyzick and Tara Hall that they were basically jumping to kidnap my kids, because I've been communicating with the DCF worker on a regular basis explaning my innocense and telling them that I'm coming home

51. Plaintiff continued to attend therapy until COVID-19 arrived and Reliance Health stopped all in person visits due to the Pandemic

52. Plaintiff was eventually called into court again after about 9 months and at that time I was appointed by Sean Kelly

53. Eventually Plaintiff was given Defendent Matt Costello and no longer was being represented by Sean Kelly

54. Before Plaintiff was given Defendent Matt Costello, Sean Kelly recognized that Plaintiff may have been dealing with something more than just an alcohol addiction so he filed for a mental Health evaluation. (02.17.21)

55. When Plaintiff was returned to prison in 05.17.21 he attempted to contact Sean Kelly who he believed was still his attorney until the court clerk informed him otherwise

56. When Plaintiff finally got a hold of Defendant Matt Costello he informed him of his mother and father both passing away, not seeing his children due to COVID.19, and the many attempts of suicide that was between 05.17.21 & 06.14.21 which was the closest

56. thing to a conversation that the Plaintiff actually had

57. Plaintiff seen a group of doctors between 05.17.21 & 06.14.21 and they agreed that I should be placed in Whiting claiming I had paranoid ideations.

58. Plaintiff was scheduled to appear in court June 14, th 2021 but attended a virtual meeting instead. Present at the meeting was Defendant John Doe 2, Defendant Costello, and a Judge Quick who plaintiff had previously filed a E.T.Motion grievance against for working with Defendant John Doe 2. Also, a doctor from the previous meeting

59. Defendant Costello was late to the meeting and Judge Quick asked me if I wanted to have a different judge besides him due to the fact the E.T. Plaintiff filed a grievance against him in the past. I spoke to Defendant Costello about what's going on and they wanted to put me into Whiting for treatment. So, Plaintiff agreed and that day I went to Whiting for a 60 day evaluation and treatment.

60. While Plaintiff was placed in the hospital Plaintiff could feel his confidence being restored, despite the doctors wanting to place me on medication for mood swings which Plaintiff declined. The doctors persisted and threatened to go to probate court if Plaintiff couldn't go to sleep at night.

61. Plaintiff didn't trust taking medication because of the condition of most the patients and was already prescribed two kinds of medication and wanted to try being better without any chemicals or substense to assist him.

62. Plaintiff did however agree to excercise and take vitamins and if there was a medication that wasn't addictive or had negative side-effects he would explore that options.

63. The doctor gave Plaintiff a list of medications because she really wanted to help me and the nurses could recognize the amount of things that I was dealing with, so when I tried to contact Defendant Costello for advise on what to do he had a attitude and even began swearing at me.

64. Plaintiff attempted to reach him several times
    for the 60 days I was there being treated.
    During my stay there I was assaulted by
    a patient and attempted to contact the
    Defendant Costello for advice and because
    he recognized the number he intentionally
    ignored the calls so I had my brother 3
    way him after calling my brother and on
    the first call he'd answer.

65. Plaintiff was informed that because I wasn't
    taken medication they could not provide me
    with any services after being found competent.

66. Plaintiff didn't understand that by denying
    the medication that would exclude me from
    receiving the after care I needed instead
    of going to jail.

67. On 08.18.21 Plaintiff was found competent
    and transferred back to jail before Plaintiff
    left the Unit Manager Ralph informed Plaintiff
    I had a good report and my attorney could
    utilize that report as an argument for a
    bond reduction, plus the time I did in the
    hospital counts as time served.

68. Plaintiff informed Defendant Costello of this information and Defendant Costello hung up the phone, claiming to be in court.

69. During Plaintiffs 08.18.21 court appearance that was continued 9 weeks and agreed upon that it would be resolved 10.22.21. Plaintiff was informed that I could file for a bond reduction before that date, by Judge O'Hanlin.

70. Plaintiff attempted to contact Defendant Costello between 08.21 and 10.21 before his courtdate because he needed a bond reduction, because two bonds the Plaintiff had were unconstitutional according to Connecticut State Statute Plaintiff didn't speak to Defendant Costello until 10.22.21 when he had court at 6A10 in New London.

71. When Plaintiff was called to the side before court Defendant Costello informed Plaintiff Defendant John Doe 2 wanted 8 years suspended after 3 years with 5 probation.

72. Plaintiff said how is that? Defendant Costello was scared to look at the Plaintiff and claimed because the case from 02.07.20 Defendant Costello claims Defendant John

73. Doe 2 claims because the store was closed because the clerk said that in a affidavit report that he Defendant John Doe 2 was upping the charge to Burglary. Plaintiff informed Defendant Costello theres cameras all over the store its a 24 hours store meaning its never closed and it was obviously open when I walked in. I continued by asking "if it was closed how did I walk in the store and not only that what exactly was burglarized". When I asked Defendant Costello to see the paperwork he told me he cant let me see it, when I asked him did he file a motion for a bond hearing Defendant Costello claims to Plaintiff that they arent going to do it.

74. Plaintiff finally lost it and called him exactly what he is and informed him that he was fired.

75. Two days prior to the 10.22.21 court date I filed a grievance against defendant Costello and Defendant John Doe 2 that was returned due to not knowing his name. In the grievance against Defendant Costello

42. Plaintiff was later arrested for criminal trespass
interfering,

75. due to neglect, communication issues, conflict of interest, diligence issues, and other issues. My grievance with 6 copies were mailed to the Statewide brievance Committee and my grievance was responded to by Defendant Costello in the grievance Defendant Costello admitted to having issues with the Plaintiff and that Plaintiff also had mental illness, yet avoided Plaintiff calls while attempting to recieve advice.

76. Plaintiff had option to file grievance if he felt it was unclear or respond to a Mr. Quinne in the response Plaintiff wrote his issues and traumatic effects of dealing with this Defendant Costello and how he fell into a depression for 7 days refusing to eat or drink than another 15 days as well in hopes of dying. Plaintiff informed Mr. Quinn that he will hurt himself agein if he ever has to deal with Defendant Costello agein

77. Due to Defendant John Poe 2 and Defendant Costellos negligent behavior or misconduct Plaintiff is still sitting in prison being denied the right to a hundred ction and has been incercercted with no resolve from

77. May 17, 2021 'til 01.04.21 and has had his
due process violated due to their own personel
interest. It's a known fact that Plaintiff has
a very bad history of mental Health issues
and a drug & alchohol problem. Defendent Costello
hasn't argued any of these facts in court.

78. Defendent Costello ignored the fact that I
needed to get home so I could obtain a
place to get my kids back, and I had a job
waiting and his only concern was what the
prosecuter and Judge had to say.

## LEGAL CLAIMS

1. Defendent: John Doe1, John Doe2, and Jane Doe3
directly participated in a unconstitutional act of
malicias prosecution, by denying Plaintiff equal
protection of the law by ignoring the fact Plaintiff
provided exculpatory evidence, withholding all evidence
and offering plaintiff prison time with no supporting facts
to support their allegations due to the actions of
their prosecutorial misconduct. Plaintiff spent 9½
months incarcerated and was forced to trial
despite having visual evidence that would have
resulted in Plaintiffs dismissal resulting in a
violation of section 1 of the 14th amendment of the U.S.
constitution. The above defendants actions cased
Plaintiff physical harm, Pain&Suffering emotional distress

## LEGAL CLAIMS

2. Defendant: Matt Costello directly participated in a unconstitutional act of negligence by failing to present evidence or obtain exculpatory evidence which forced Plaintiff to remain incarcerated for 9½ months, also refusing to file proper motions in Plaintiffs interest denying Plaintiff equal protection of the law in violation of Sect I of the 14th amendment of the U.S. Constitution the above defendants actions caused Plaintiff physical harm, pain & suffering, emotional distress

3. Defendant: John Doe 2 directly participated in a unconstitutional act of malicious prosecution, deliberate indifference, and abuse of process by threatening to give Plaintiff an excessive amount of time and trump charges despite having visual evidence of a incident from 03.07.20 John Doe 2 still wanted to make the incident into a burglary to satisfy his malicious interest and force a sentence on to Plaintiff for a crime that was never committed denying Plaintiff equal protection of the law in violation of Sect I of the 14th amendment of the U.S. Constitution the above defendents actions case Plaintiff physical harm, pain & suffering, emotional distress.

4 Defendant: Matt Costello directly participated in a unconstitutional act of negligence by

## LEGAL CLAIMS

4. denying Plaintiff to communicate his needs, refusing to file motion for a hearing despite Plaintiff pointing out the law and facts, also Matt Costello failed to create a defense in a reasonable time or even attempt to get Plaintiff a program despite admitting Plaintiff having drug problem, and Mental Health issue, Defendant never even reviewed any of Plaintiffs files and refused to send paperwork to Plaintiff sending Plaintiff into a depressive State attempting suicide E.T.and denying Plaintiff equal protection of the law in violation of sect 7 of the 8th and 14th amendment of the U.S, Constitution the above defendents actions caused Plaintiff physical harm, pain & suffering, emotional distress

## Prayer for Relief

Therefore this court E.T. Plaintiff request that this court grant the following relief:-
Plaintiff ask this court to waive all cost of incarceration and any cost this court deems fit

Plaintiff is suing all defendents 33,000 in compensatory damages

Plaintiff is suing all defendents for 13,000 in punitive damages.

## Prayer for Relief

Plaintiff is asking court to grant a temporary restraining order against Counselor Derose in corrigan C.U.I, where Plaintiff is being housed. Plaintiff has had his suit ready to file and she has purposely denied Plaintiff the right to have his suit E-filed despite the fact that she knows that she's the only one who can eFile the suit. Plaintiff has attempted to go over her head and has been harassed by numerous C.O.S. for addressing these complaints concerning her misconduct. The paperwork can not be filed until she files and signs certain documents, she is denying Plaintiff access to court, denying Plaintiff legal calls, is refusing to notarize legal documents that are time sensitive. Plaintiff fears mailing these documents due to the corrupt history of the individuals employed at the facility he's being housed and Counselor Derose has played a significant part in the constant harassment preventing me from obtaining details from my mother able to document accurate times, dates, places and identities of participants I AM attempting to list in my complaint.

## Prayer for Relief

PLAINTIFF is asking court for preliminary
and permanent injunction ordering Refendant
John Doe 2 to his prosecutorial misconduct
and would also ask for a temporary restraining
order against Refendant John Doe 2
due to the history of him constantly obendening
the law and his duty to protect to satisfy
his personal interest

Dated 01.04.22

Respectfully Submitted
By. Emile J. Jymma Jr
Sincerly Emile J. Jymma Jr

Corrigan C.I.
986 Norwich NL TPKE
Unccoville, CT 06382